# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | No. 3:10cr173 |
| --- | --- | --- |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| ANGEL SOLANO-MARTINEZ; and | : | |
| NESTOR SANTOS-LOPEZ, | : | |
| Defendants | : | |

## MEMORANDUM

Before the court is an issue regarding the joint representation of the above-named defendants by Attorney Joseph J. Yeager.

**Background**

Defendants were charged in a one-count indictment on June 8, 2010. (Doc. 1). The indictment charges seventeen defendants with engaging in a conspiracy to distribute more than fifty grams of cocaine base (crack) and more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The defendants made their initial appearance before Magistrate Judge Malachy E. Mannion on June 10, 2010. (Doc. 142). Attorney Joseph Yeager entered an appearance to represent Defendant Angel Solano-Martinez and Attorney Matthew Carmody entered his appearance for Defendant Nestor Santos-Lopez. (Id.). On July 21, 2010, Attorney Yeager entered his appearance for Defendant Lopez and for Jose Pizzaro-Padilla, another defendant. (Doc. 174). Attorney Yeager subsequently withdrew his

appearance for Mr. Pizzaro-Padilla. (Doc. 186).

On July 30, 2010, this court held a hearing pursuant to Rule 44(c) of the federal rules of criminal procedure to determine whether the defendants had appropriately waived their right to a conflict-free counsel. Present at that hearing were the defendants and Attorneys Carmody and Yeager. After explaining to the defendants the risks inherent in being represented by the same counsel in a criminal proceeding, the parties waived their right to be represented by separate counsel. The defendants also signed formal waivers of this right and filed them with the court. (Docs. 189-190). The court then found that the defendants had executed valid waivers, but took the matter of allowing such representation under advisement. This memorandum represents the court's decision on the matter.

**Discussion**

Federal Rule of Criminal Procedure 44(c) provides that when two or more defendants seek to be represented by the same counsel, "[t]he court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel." FED. R. CRIM. P. 44(c)(2).

The Sixth Amendment right to counsel includes the right "to secure counsel of [one's] own choice." Powell v. Alabama, 287 U.S. 45, 53 (1932). Still, while "the

2

right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States, 486 U.S. 153, 159 (1988). This right thus also includes the "'right to the attorney's undivided loyalty free of conflict of interest.'" United States v. Moscony, 927 F.2d 742, 748 (3d Cir. 1991) (quoting United States v. Gambino, 864 F.2d 1064, 1069 (3d Cir. 1988)). Such loyalty is necessary because effective assistance of counsel requires an attorney who "puts the government to its proofs in an adversarial manner," and such an attorney must be "free of conflicts of interest." Id.

While a criminal defendant may waive any conflict that occurs when a lawyer represents more than one defendant in a case, such waivers are not always sufficient: "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Id. Thus, "where a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver, and insist that defendants be separately represented." Wheat, 486 U.S. at 162. Under this standard, a trial court has "substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as

the trial progresses." Id. at 163.  In Wheat, the case the Court addressed was not "a straightforward criminal prosecution; rather, [the attorney] proposed to defend three conspirators of varying statute in a complex drug distribution scheme." Id. at 163-164.  This situation created a possibility where the defense attorney might have to cross-examine a former client in order to defend a current client.  Id. at 164.  Thus, under such circumstances "The District Court must recognize a presumption in favor of petitioner's counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict. The evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court."  Id.

The court finds that a serious potential for conflict exists in this joint representation of two criminal defendants and will therefore preclude Attorney Yeager's representation of both defendants.  Several reasons guide the court's decision on this matter.  First, as in Wheat, this case is not a simple criminal matter, but a drug conspiracy involving sixteen defendants.  As with any case involving a conspiracy, an individual defendant's best interest may very well lie in testifying against other defendants, either to provide his own defense or to obtain a lesser sentence after a plea bargain.  This creates a great potential for conflict, as an attorney will have difficulty providing guidance when the interests of one client lie in testifying but the interests of the other client lie in remaining silent.

Second, this case, like many drug cases, may result in at least some of the

4

defendants pleading guilty. Most, if not all, of the defendants will likely be offered plea deals. A serious potential conflict exists for an attorney advising multiple clients in that situation. While one client may benefit from pleading guilty, that guilty plea could likely harm the other client, since the plea deal may require testimony at trial. The lawyer would thus be pulled in two directions as he tried to define and protect his clients' interests.

Third, defense counsel will likely be passed confidential information by his clients. That confidential information could be helpful to one of Attorney Yeager's proposed clients, but harmful to the other. Such a problem would be especially difficult if this matter were to go to trial. Confidential material passed to the defense attorney by one defendant might be helpful on cross-examination of a witness against the other defendant, but confidentiality rules could very well prevent the attorney from using that information. No matter how defense counsel resolves that conflict, both his clients' interests and his own ethical position have been compromised.

The court recognizes that the defendants have been informed of these potential conflicts and have stated that they continue to desire Mr. Yeager's representation. The court also recognizes that the conflicts here described are much more likely to occur and much more serious if this case were to go to trial. At the same time, however, the court concludes that such potential difficulties will exist from the beginning of the case. These potential difficulties are so severe, and so likely to

undermine the fairness of the trial, that the court concludes that the only solution is to prevent the proposed joint representation. A waiver is not sufficient to avoid such conflicts.

**Conclusion**

For the reasons stated above, the court will vacate Attorney Yeager's appearance for Defendant Santos-Lopez. Attoreny Yeager may continue to represent Defendant Solano-Martinez. Attorney Carmody, who has been appointed attorney for Mr. Santos-Lopez by the court, will continue to represent him. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:10cr173 |
| | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| ANGEL SOLANO-MARTINEZ; and | : | |
| NESTOR SANTOS-LOPEZ, | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 2nd day of August 2010, the entry of appearance by Attorney Joseph Yeager for Defendant Nestor Santos-Lopez (Doc. 174) is hereby **VACATED**. Attorney Matthew Carmody shall continue to serve as Mr. Santos-Lopez's court-appointed attorney in the case.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**